UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-267 |
| MICHAEL MORSE | SECTION "B"(5) |

### ORDER AND REASONS

Donald Miller was subpoenaed to appear before this Court as a material witness for the government in the criminal trial of Michael Morse. To ensure Miller's testimony in this matter, the government sought and received his testimonial immunity pursuant to 18 U.S.C. §§ 6002–03. *See* Rec. Doc. 74. This Court ordered Miller to appear and "give testimony fully and completely in connection with the above case." *Id.* at 1. The Order provided use immunity. *See id.* at 1–2 ("[N]o testimony or other information so compelled under this Order, and offered during Donald R. Miller's appearances, nor any information directly or indirectly derived therefrom, may thereafter be used against him in any criminal case except in a prosecution for perjury, making a false declaration, or otherwise failing to comply with the terms of this Order."). The Order concluded with a warning of the consequences of Miller's violation: "[F]ailure by Donald R. Miller to comply with this Order may subject the witness to contempt proceedings before this Court and possible imprisonment for violating this order." *Id.* at 2.

Despite the Order of testimonial immunity, on Thursday, July 18, 2024, Dwight Doskey—the Criminal Justice Act Panel attorney appointed to represent Miller in these proceedings—informed the Court and parties of Miller's intent to refuse to testify. *See* Rec. Doc. 83-1. "Mr. Miller is adamant that no matter how extensive the immunity ordered, he will NOT testify. He

1

respects the Court, understands the order, but maintains his personal moral code is that he will not help take another man away from his family by testifying." *Id.* at 1.

On July 22, 2024, Miller appeared with counsel before the undersigned in open court on two occasions. Before the seating of the jury, Miller reaffirmed his refusal to testify due to an objection based on his belief that his testimony might lead to a conviction of defendant in this case. After the seating of the jury—and in order to give Miller an opportunity to reconsider—Miller again appeared, outside the presence of the jury. He confirmed his refusal to testify. On both occasions, Miller acknowledged his understanding of this Court's Order granting him testimonial immunity and compelling his testimony.

Federal Rule of Criminal Procedure 42 provides the procedures for holding an individual in criminal contempt. "[C]riminal contempt must be accompanied with notice to the contemnor either in open court, an order to show cause, or an arrest warrant." *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (discussing Fed. R. Crim. P. 42). The notice must: (1) state the time and place of the trial; (2) allow the defendant a reasonable time to prepare a defense; and (3) state the essential facts constituting the charged criminal contempt and describe it as such. Fed. R. Crim. P. 42(a)(1). The court also must appoint a prosecutor to pursue the matter. Fed. R. Crim. P. 42(a)(2).

**IT IS HEREBY ORDERED** that Donald Miller is found in direct contempt of court.

**IT IS FURTHER ORDERED** that the United States Attorney named below is hereby appointed to prosecute this matter as a criminal felony contempt of court:

    **HON. DUANE A. EVANS**
    **UNITED STATES ATTORNEY**
    **650 POYDRAS STREET, SUITE 1600**
    **NEW ORLEANS, LOUISIANA 70130**
    **TELEPHONE: (504) 680-3000**

**IT IS FURTHER ORDERED** that if Miller maintains his refusal to not testify to the end of this trial this order shall become executory. He and his attorney shall timely notify the court if

Miller agrees to testify before the end of this trial - **that is before the close of receiving evidence.**

Miller acknowledged during above-noted hearings that he understood the factual grounds and processes for civil and criminal contempt, the penalties for petty offense and felony contempt of court and had sufficient time to prepare for the hearings yesterday. His attorney also confirmed Miler's aforementioned acknowledgments, including additional time given by the court for Miller to recant his refusal to testify.

New Orleans, Louisiana, this 23rd day of July, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE